[Dkt. No. 2]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHNATHAN ROBINS,<br><br>    Plaintiff,<br><br>        v.<br><br>ANTHONY MALLACE, et al.,<br><br>    Defendants. | Civil No. 19-19796 (RMB/JS)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon Plaintiff Johnathan Robins' filing of a pro se Complaint [Dkt. No. 1], against Defendants Anthony Mallace, Susan Jon Fredericks, John Zeigler, and Gwen Rogers ("Defendants"). In lieu of the filing fee, Plaintiff files an application for permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(the "IFP Application")[Dkt. No. 2].

    For the reasons set forth herein, Plaintiff's IFP Application [Dkt. No. 2] will be **DENIED** and the Clerk of the Court will be instructed to **ADMINISTRATIVELY TERMINATE** this case. Even if Plaintiff's IFP Application had been granted, the Court would have screened and dismissed Plaintiff's pro se

Complaint as duplicative of two prior cases that Plaintiff has filed in this Court.

I.  **REVIEW OF IFP APPLICATION**

The Prisoner Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a), in relevant part, provides as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees .... Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action ... without prepayment of fees ... in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In this matter, Plaintiff has failed to submit a certified copy of his inmate trust fund account statement (or institutional equivalent) during the 6-month period immediately preceding the filing of his Complaint.  Therefore, Plaintiff's IFP Application will be denied.

## II.   REVIEW FOR *SUA SPONTE* DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and sua sponte dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013)(noting that district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).  Upon granting an IFP Application, however, the Court is required to screen the Complaint and dismiss the action sua sponte "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).  Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any

defendant who is immune from suit.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21(1972).

**III. DISCUSSION**

In his pro se Complaint, Plaintiff attempts to assert various state law claims in relation to a probate adjudication in New Jersey state court, where it appears that Plaintiff's

4

petition for certification was denied by the Supreme Court of New Jersey. See In re Estate of Robins, 215 N.J. 485 (2013). Relevantly, the Court notes that pro se Plaintiff has previously filed two other cases in relation to the same probate adjudication. See Robins v. Robins-McCafferty, et al., Civ. No. 14-0115 (RMB/JS)(D.N.J.)("Robins I"); Robins v. Mallace, et al., Civ. No. 14-7741 (RMB/AMD)(D.N.J.)("Robins II").  In January 2015, this Court administratively terminated Robins II, noting that it covered the same subject matter as of Robins I.  In November 2015, this Court appointed pro bono counsel to represent Plaintiff in Robins I.

Although Plaintiff voluntarily dismissed his litigation in Robins I on March 16, 2016, Plaintiff moved to reopen that case on July 19, 2018.  Shortly thereafter, Plaintiff's motion to reopen Robins I was administratively terminated pending guidance from Plaintiff's pro bono counsel.  As of January 14, 2019, Plaintiff's pro bono counsel indicated that they were conferring with Plaintiff about alternative courses of action against Defendant Anthony Mallace with the New Jersey Lawyers' Fund for Client Protection.  To this Court's knowledge, Plaintiff is still represented by pro bono counsel in Robins I and may continue to confer with his attorneys.

Although the Court cannot preclude pro se Plaintiff from attempting to cure his IFP Application by filing the appropriate

documentation, to the extent Plaintiff attempts to claims in relation to the New Jersey probate case, the Court would dismiss these claims because they involve the same subject matter as those asserted in Robins I and Robins II.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's application to proceed in forma pauperis will be **DENIED** and the Clerk of the Court will be instructed to **ADMINISTRATIVELY TERMINATE** this case. An appropriate Order shall issue on this date.

**DATED:** July 7, 2020

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE